WALKER,, J. Defendant, Bowman, professing to own 1,476 acres of land in the then republic of Texas, by virtue of a land certificate, on the 30th March, 1838, sold the samé to the complainant, for $700, for the payment of which he executed to Bowman two notes of $350 each, payable on the 1st January, 1839. Whereupon, Bowman executed to complainant a bond, in the penal sum of $2,000, to make to complainant a good and lawful title to said land, or give up to complainant said notes. Before the notes.became due, Bowman assigned one of them to defendant, Trammell, who instituted suit on it, and recovered judgment for the sum of $350, debt and interest. Bowman never conveyed the land to complainant, and the bill charges that he is wholly unable to make title to the land, and prays that the judgment at law be enjoined, that if defendant has title he set it forth, that the contract be set aside, and the note taken in and canceled. The note and bond, having been executed at the same time, and relating to the same contract, are taken and considered as being but one contract, as decided in the case of Nicks’ heirs et al. vs. Rector, 4 Ark. R. 278. It will be seen that the bond specifies no time at which the title it is to be made, but provides that if it be not made the notes shall be given up. The notes are made payable on the 1st January, 1839. Taking these two instruments together as constituting but one, we are supplied by the notes with a date which it is to be presumed the parties intended as a limit to the time given in which to make a title to the land; for it never could have been intended that the notes should be paid on the 1st January, 1839, unless, at or before that time, the title to the land was made, because it is expressly provided, in the covenant, that if the land be not conveyed the notes should be given up. Placing this construction upon the contract, we will proceed to examine the case as it is presented upon the record: and 1st, is this a case of equitable jurisdiction, or should the complainant have made his defence at law ? It is a general rule, says Judge Stoey, subject to few exceptions, that where the plaintiff can have as effectual and complete a remedy in a court of law as in a court of equity, and that remedy is direct, certain, and adequate, he must resort to a court of law for redress. But where there is a clear right, and yet there is no remedy in a court of law, or the remedy is not plain, adequate, and complete, and adapted to the particular exigency, then, and in such cases, courts of equity will maintain jurisdiction. (Equity Pleading, 313.) By reference to the facts disclosed by the record, it will be readily perceived that a full and complete remedy cannot be afforded the complainant in a court of law. “ The first consideration,” says Judge Story, “is whether there is an adequate remedy at law, not merely whether there is some remedy at law.” .(1 Story’s Eq. 96.) Had the bill been filed to avoid the payment of a single note — had that been the extent and scope of the contract, there might be some force in the argument that the complainant should have interposed his defence at law. Such, however, is not the nature of this case. A court of law, bound by strict legal rules, and limited to an issue upon the particular case before it, never could have afforded relief upon this entire contract. “ The remedy and the relief administered in courts of equity, are, in general, more complete, adequate, and perfect, than they can be at common law. It is more complete, because it adapts itself to the circumstances of each particular case, adjusting all cross equities, and bringing all the parties in interest before the court so as to prevent multiplicity of suits and interminable litigation.” (Eq. Jurisprudence, 436.) “ It varies its adjustments and proportions so as to meet the very form and pressure of each particular case, in all its complex habitudes. Thus, if conveyances are fraudulently or improperly obtained, they are decreed to be given up and canceled: if money securities, on which the money has been paid, the money is decreed to be paid back: if deeds, &c., detained from the rightful party, they are declared to be delivered up.” Id. 438. The bill now before us brings the contract, and all of the parties, before a tribunal competent to do full and complete justice to each. To the allegation that defendant has no title to the land, or is unwilling to convey, he may exhibit his title to the court, tender a conveyance for the land, and insist upon his pay. The defendant, Trammell, might have so shaped his defence as that, in the event the judgment is enjoined, he may take a decree against his co-defendant for the consideration money paid for the note: whilst the complainant, if he fails to get title to the land, is released from paying for it, takes in his note, and has the contract rescinded. Although the bill is not so full and explicit as is usual, yet we think it substantially good, and that relief to this extent might have been afforded under it. The power to enforce the specific execution of a contract (particularly in respect to real estate); to rescind a contract; to, decree that outstanding deeds, and other contracts, be called in and canceled; to enjoin the collection of the purchase money until title is made, has been so long recognized as within the appropriate jurisdiction of courts of equity as to render it unnecessary to refer to authorities, particularly as the learned counsel, who has investigated this case for the appellees, has not made the question ,of jurisdiction, nor is it raised upon the record by demurrer to the bill. It does not appear, either from the bill or answers, whether the complainant did, or did not, interpose a defence at law to the judgment which is sought to be injoined. The complainant’s right to equitable relief did not originally depend upon the fact whether there was a defence at law or not. Having his election to defend at law, or make his defence before the chancellor, when he comes into a court of chancery he is only required to make out a clear case of equitable jurisdiction, and present such facts as show that he could not have had adequate relief at law. This, we think, he has sufficiently done, particularly as the defendant is silent on the subject of defence at law. As this case does not turn upon the principle of concurrent jurisdiction where adequate relief might have been afforded by either court, it is deemed unnecessary to refer to the authorities relating to such cases. The question has been recently settled by this court in the case of Conway & Hempstead vs. Watkins ad., 1 Eng. 317, after an able and full examination of authorities by counsel on both sides of the question, and which, if a doubt could arise as to the correctness of the position we have assumed, would upon principle determine this case. It is contended that as defendant, Trammell, was an innocent purchaser of the note, for a valuable consideration, without notice of the terms upon which the note was executed, he should be protected in his purchase. This ground we think untenable. The statute {page 162, sec. 3) declares that all discounts and offsets, either in law or equity, which the defendant may have against the original assignor previous to the assignment, or against the plaintiff or assignee after the assignment, shall be allowed; and it was intended, as it expresses, to protect the maker of the note, or other writing, and afford him the full benefit of his defence either in law or equity: and although the note on its face may give no indication of the defence to be offered, the assignee is understood to take it subject to all and every defence which the maker could offer at the time of the assignment. So far as relates to defendant Bowman’s answer, the material facts in regard to the written contract are admitted, but he sets up a verbal agreement, which he insists is part of the contract. This statement is not sustained by proof, and, if it was, it is not permissible. A contract cannot rest partly in writing and partly in parol; consequently, conditions cannot be annexed by extrinsic parol evidence. 1 Powell on Contracts, 259. 3 Starkie, 1008, It seems that the deposition of a witness was taken under the written agreement of the parties, waiving all formality, but reserving the right to object to the credibility of the witness, to his competency, or to the relevancy of the testimony. The deposition appears to have been taken in strict accordance with the agreement, and we think that the objections to the depositions should be limited to the reservations contained in the agreement. Neither his credibility nor competency seems to have been questioned, nor is there any thing in the record to affect either. The testimony conduced to prove the allegation in the bill that defendant could not make, to complainant, title, and should not have been suppressed. The witness states that, after the covenant to convey to complainant, defendant sold his land claim to other persons, and that for half of it at least the title had been made and entered of record. Testimony should not be suppressed unless it is wholly irrelevant; it should be permitted to go to the court or jury to be considered and weighed in connex-ion with other evidence under the issue. The decree of the court below is reversed and set aside, and the case remanded to the Circuit Court, with instructions to enter á final decree perpetually injoining the collection of said judgment at law, setting aside and rescinding the contract between the complainant and defendant Bowman, and in regard to the outstanding note of complainant, such decree as may be necessary to compel defendant Bowman to surrender the note, and deliver it up to be canceled.